**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES E. BONNETT | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-05-3073 |
| JON P. GALLEY, | : | |
| L. GORDON, | | |
| CAPT. MELLOTT, and | : | |
| SGT. STOTTLER | | |
| | : | |
| Defendants | | |

o0o
## MEMORANDUM OPINION

The above-captioned civil rights case was filed on November 14, 2005, alleging unconstitutional conditions of confinement in the administrative segregation housing unit at Western Correctional Institution (WCI). (Paper No. 1). Defendants have filed a Motion to Dismiss or for Summary Judgment. (Paper No. 19). Plaintiff has filed opposition to the motion. (Papers No. 22 and 23). Upon review of the papers filed, the undersigned finds that a hearing in this matter is unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

Background

Plaintiff claims that on October 3, 2005, he was improperly left on disciplinary segregation status when he should have been placed on administrative segregation status. (Paper No. 1). He describes the harm he suffered as a result of the improper assignment as: lack of access to full commissary; no daily recreation; deprivation of television, radio, appliances and property; and curtailed telephone privileges. (Id.). He claims that he was assaulted by correctional officers because he is black and the officers are "white racists." He states that while he was handcuffed

behind his back, Officer Stottler beat him, pushed a gas gun into his mouth, and threatened to kill him just as other officers had killed Iko.[1]  (Paper No. 22 at p. 6).  Plaintiff asserts that he was subjected to brutal beatings and deprived of privileges because he wrote numerous letters complaining about the racism of the officers at WCI.  (Id.).  In addition, Plaintiff claims that the singling out of black inmates for abuse is openly encouraged by Captain Mellott, who insists that only white racist officers are to be assigned to work the segregation tier.  Plaintiff claims that after the assaults he endured he was refused medical attention and, accordingly, there is no evidence that he was hurt.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987); Morrison v. Nissan Motor Co., 601 F.2d 139, 141 (4th Cir. 1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.  See Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

---

[1] Ifeanyi Iko was an inmate at WCI housed on the segregation unit who died after being maced while in restraints.  See Iko, et al. v. Galley, et al., Civil Action No. DKC-04-3731 (D. Md. 2004).

2

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. See Anderson, 477 U.S. at 256.

In Celotex, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Celotex, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

Analysis

The Complaint, liberally construed, raises three claims. First, Plaintiff alleges that the

3

restrictions imposed on administrative segregation were no different than those imposed while he was confined to disciplinary segregation, and he should not have been subjected to those conditions upon expiration of his disciplinary segregation sentence. This claim, liberally construed, is an allegation of denial of due process with respect to his housing assignment. Second, Plaintiff raises an Eighth Amendment claim with respect to the conditions of confinement on the segregation unit which allegedly included regular beatings and verbal harassment by correctional officers. Third, Plaintiff raises a claim of retaliation for filing administrative complaints and writing letters in an attempt to alert appropriate authorities of the conditions under which he was confined.

## Due Process Claim

In the prison context there are two different types of constitutionally protected liberty interests which may be created by state action. The first is created when there is a state-created entitlement to an early release from incarceration. See Board of Pardons v. Allen, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); Wolff v. McDonnell, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U. S. 472, 484 (1995).

Defendants have submitted an affidavit indicating that Plaintiff was assigned to administrative segregation prior to the expiration of his disciplinary segregation sentence. (Paper No. 19 at Ex. 2). To the extent that the severity of the conditions under which Plaintiff was housed did not change, that fact does not represent an atypical or significant hardship that implicates a constitutionally protected liberty interest. The failure to provide Plaintiff with commissary, recreation, telephone privileges, and other personal property for a limited period of time is not a

hardship cognizable under the Eighth Amendment.  See e.g., Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (vermin-infested cells smeared with urine and feces though conditions more onerous encompassed by imprisonment are constitutionally permissible for short period of time); see also Reffitt v. Nixon, 917 F. Supp. 409, 412 (E.D. Va. 1996) (no protected liberty interest implicated by segregated confinement).  The claim regarding the failure to improve Plaintiff's living conditions upon expiration of his disciplinary segregation sentence must fail.

### Conditions of Confinement

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  Rhodes v. Chapman, 452 U. S. 337, 347 (1981). Conditions which are merely restrictive or even harsh, however "are part of the penalty that criminal offenders pay for their offenses against society."  Id.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "[T]o withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir.1993).

Plaintiff's allegations, while troubling, lack any evidentiary support.  His claim that he was assaulted by Officer Stottler was investigated and no evidence was found to support Plaintiff's claim that the event ever occurred.  (Paper No. 19 at Ex. 7).  The nature of Plaintiff's allegations, that beatings occurred openly on a daily basis, would seem to produce at least one witness of the conduct

5

alleged. Plaintiff, however, has provided no names of witnesses who could be called to verify his account, nor has he forecast any admissible evidence that would establish that the assaults occurred. More importantly, Plaintiff has not alleged that he suffered a specific, serious or significant physical or emotional injury as a result of any assault by any correctional officer. (Paper No. 1 and 22).

## Retaliation Claim

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. See Burton v. Livingston, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). Nonetheless, "'a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" Gill v. Mooney, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2nd Cir. 1983)); Pierce v. King, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

Plaintiff's allegation that he was subjected to abuse because he wrote administrative remedy requests informing various people about the conditions on administrative segregation does not state a claim because he has not alleged an injury. A review of the record in this case reveals that Plaintiff's chief complaint was that he wanted to be transferred from WCI to Roxbury Correctional Institution (RCI); currently, Plaintiff is incarcerated at RCI. He has not alleged that he was deprived of an ability to bring a meritorious claim to court concerning either a civil matter or a challenge to

6

his criminal conviction. Indeed, one of Plaintiff's letters gleaned an investigation by the Internal Investigation Unit of the Maryland State Police. (Paper No. 19 at Ex. 7). The conclusory allegation that Plaintiff was subjected to retaliation is not supported by the evidence.

Having produced insufficient evidence favoring Plaintiff that would merit a finder of fact returning a verdict for him, summary judgment shall be granted in favor of the Defendants. A separate Order follows.

  6/20/06    
Date

        /s/          
ROGER W. TITUS  
UNITED STATES DISTRICT JUDGE